IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATHANIEL RYAN UMMEL,<br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION and ILLINOIS<br>STATE POLICE,<br>    Defendants. | Case No. 1:25-cv-01186-JEH-RLH |

### Order

Now before the Court is *pro se* Plaintiff Nathaniel Ryan Ummel's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1] For the reasons set forth below, the Plaintiff's Application to proceed *in forma pauperis* (IFP) is GRANTED, and his Complaint (D. 1) is DISMISSED WITHOUT PREJUDICE.

Because the Plaintiff's Application to Proceed IFP sufficiently demonstrates that he is unable to pay the costs of these proceedings, the Application is granted.

### I

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

## A

Here, the Plaintiff alleges the Federal Bureau of Investigation (FBI), the Illinois State Police (ISP), and "various county sheriff's offices in central Illinois"[2] "have engaged in a coordinated, malicious, and illegal campaign of psychological torture, invasive surveillance, harassment, defamation, entrapment, sabotage, and civil right violations against [the Plaintiff] over the past three years." Pl.'s Compl. (D. 1 at ECF p. 1). The Plaintiff seeks: an order directing the FBI and ISP, among other agencies, to "halt all investigations, surveillance, or actions targeting" him; an order compelling the disclosure of all records including, among other things, wiretap applications, surveillance logs, informant communications, and inter-agency correspondence related to him; appointment of a special master to examine the alleged misconduct and ensure compliance with federal and state laws; and an injunction prohibiting law enforcement from retaliating against him for exercising his constitutional rights or pursuing legal remedies. *Id*. at ECF p. 2. He states his requests for relief are "grounded" in his rights under the First, Fourth, and Fourteenth Amendments. *Id*. He cites several federal statutes, several Illinois statutes, and 42 U.S.C. § 1983 as further support for his claims.

The Plaintiff breaks his allegations down into seven "Categor[ies]": "Invasive Surveillance Overreach"; "Persistent Harassment Tactics"; "Defamatory Smear Campaigns"; "Entrapment and Coercive Schemes"; "Coordinated Sabotage and Framing"; "Psychological Intimidation and Gaslighting"; and "Rights Violations and Cover-Ups". *Id*. at ECF pp. 4-12. The Plaintiff's allegations include,

---

[2] The Plaintiff does not clearly state who the defendants are in this case as his Complaint does not include a case caption and does not explicitly state who he intended to name as defendants.

among many others, that his private conversations were "mysteriously echoed in workplace taunts by coworkers", "coworkers mimicked your recent social media deletions", "Coworkers knew intimate boasts, like your exaggerated penis size claims, without any logical explanation", "Troopers flashed lights at you without stopping or issuing a citation", "Multiple SUVs drove past your home shortly after one followed you", "A National Guard fleet passed you during a dust storm, an unusual event with no public explanation", and "A trooper cruised slowly by you at 3 AM on a quiet highway, creating an eerie sense of being watched". Pl.'s Compl. (D. 1 at ECF pp. 4, 5, 6). The Plaintiff further alleges, "A Costco employee yelled about happiness while staring at you, adding to your sense of being targeted", "Store employees singled you out with odd, accusatory comments in public", "Friends hinted you were involved in ISU student deaths", "Coworkers hinted you stole TVs after a key incident", "Coworkers pressured you to sell weed to them, potentially setting you up for arrest", "Your ex's vape battery synced with a route offer, hinting at a setup for drug-related charges", and "Job interviews felt like fishing expeditions for info and failed oddly, suggesting a setup. *Id*. at ECF pp. 6, 7, 8, 9. He alleges still further, "Dangerous routes and broken equipment were assigned to you, risking your safety and job", "Your car broke down suddenly after a massage, followed by trooper presence, suggesting tampering", "Your gloves were replaced with the wrong size after a private text, disrupting your work", "Your work clothes reeked of urine after a gym visit", "A blue rag and Snapchat message implied harm, signaling a coordinated threat", "Your ex compared you to killers in films, possibly as part of a psychological intimidation plot", "A trooper sped up behind you as you left work, pursuing without cause or explanation", and "Porn was sent to your dad's laptop notifications, distressing your family and implicating you". *Id*. at ECF pp. 9, 10, 11, 13.

3

The Plaintiff also provides a narrative of "3 years of events" beginning in Bloomington, Illinois (RoomReady) from August 2022 to March 2023, next in Morton, Illinois (Cracker Barrel) from March 2023 to August 2023, then in East Peoria, Illinois (Texas Roadhouse) from August 2023 to November 2023, in Pekin, Illinois (Lights Owt Logistics) from December 2023 to January 2024, in Washington, Illinois (IVP Plastics) in the summer of 2024, in Lincoln, Illinois (Eaton) from July 2024 to October 2024, and in McLean and Peoria Counties, Illinois (DoorDash). *Id*. at ECF pp. 15-26. It appears these were all places of the Plaintiff's past employment. That narrative, in a rambling fashion, elaborates upon his allegations (as set forth, in part, above), providing details of what certain individuals said to him at work, how he perceived comments made in his presence, his belief as to who certain individuals were (i.e., an informant), and how certain comments and actions made him feel. As for one allegation pertaining to a YouTube profile name, the Plaintiff states, "This is a tiny, microscopic example of the mountain of bullshit privacy invasions you all have committed against me." *Id*. at ECF p. 27-28. He "now believe[s] that these evil law enforcement devil worshippers coordinated [a particular event he describes] to make me think I was going to die soon." *Id*. at ECF p. 33. He "believe[s] that my ex Tess Howley was a crucial part of this evil group effort to psychologically torture me". *Id*. at ECF p. 34.

### B

Even construing the Plaintiff's Complaint liberally, as the Court must given his *pro se* status, the Plaintiff's allegations are frivolous. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Felton v. City of Chi.*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).  Here, the Plaintiff's allegations taken both individually and all together are irrational at best and delusional at worst.  His allegations of a coordinated effort between coworkers at different places of employment with law enforcement and with Plaintiff's romantic partners cross the line from irrational to wholly incredible.  For example, the Plaintiff attempts to connect random patrol car drive-bys with store employees making targeted remarks in support of an alleged campaign of torture.  He attempts to connect being sent on a snowy, unplowed route with faulty equipment to a coordinated effort to undermine his employment.  He attempts to connect someone telling him "I literally dodged a bullet" to somebody trying to kill him.  *Id*. at ECF p. 22.  Simply put, it is wholly incredible that the gamut of experiences, encounters, and feelings over the span of several years in different locations the Plaintiff alleges were all part of a coordinated effort by the FBI, ISP, and various county sheriff's offices in Central Illinois to violate his rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

This is to say nothing of the fact of several other shortcomings in the Plaintiff's Complaint filed on May 12, 2025.  His would-be Section 1983 claim is time-barred to the extent he complains of conduct that occurred more than two years ago.  *See Towne v. Donnelly*, 44 F.4th 666, 670 (7th Cir. 2022) (stating the statute of limitations for Section 1983 claims in Illinois is two years); *Ghelf v. Town of Wheatland*, 132 F.4th 456, 470 (7th Cir. 2025) (quotation marks omitted) (explaining "when a defendant commits numerous transgressions, but each act is wrongful independent of other events, each act is considered discrete and has its own period of limitations[]").  The Plaintiff also alleges violations of certain statutes which do not provide for a private right of action, such as 18 U.S.C. § 241, 18 U.S.C. § 242,

720 Ill. Comp. Stat. 5/8-2, and 720 Ill. Comp. Stat. 5/21-1. *See McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555, 555 (7th Cir. 2015) (unpublished opinion) (stating 18 U.S.C. § 241 does not provide a private right of action); *Stuckey v. Hous. Auth. of Cnty. of Cook*, No. 16-cv-03443, 2019 WL 11910944, at *1 (N.D. Ill. May 6, 2019) (stating 18 U.S.C. § 242 contains no private right of action); *Shachter v. City of Chi.*, No. 18-cv-5504, 2020 WL 3058086, at *6 (N.D. Ill. June 9, 2020) (noting the plaintiff failed "to cite any authority for the proposition that a private plaintiff may bring a civil cause of action under 720 ILCS 5/21-1(a)(1)" and underscoring "the criminal code does not provide a private right of action to private citizens."). The Plaintiff several times uses equivocal language – "*possible* monitoring", "*potentially* with law enforcement involvement", "*suggesting* private info was leaked", "*potentially* orchestrated by law enforcement and collaborators", "*possibly* to evoke psychological distress", and "*possibly* a veiled threat". Pl.'s Compl. (D. 1 at ECF pp. 4, 7, 9, 10, 12) (emphasis added). However, "Factual allegations must be enough to raise a right to relief above the speculative level". *Twombly*, 550 U.S. at 555. Lastly, the Plaintiff's Complaint does not sufficiently comply with Federal Rule of Civil Procedure 8 which requires "a short and plain statement" of the plaintiff's claims showing he is entitled to relief and allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(2) and (d)(1).

## II

Though the Plaintiff did not separately file a motion for the appointment of counsel, he states that he "seek[s] referral to pro bono counsel" which the Court construes as a motion to request counsel. (D. 1 at ECF p. 3). 28 U.S.C. § 1915(e) provides that the Court may request an attorney to represent a person who is unable to afford counsel. 28 U.S.C. § 1915(e)(1). The Court cannot require an attorney to accept pro bono appointment on a civil case such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (*in forma pauperis* statute "does not authorize the

federal courts to make coercive appointments of counsel[]"). Nevertheless, when faced with such a request for pro bono counsel, the Court must consider: 1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so; and if so, 2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Id.* at 654.

Here, the Plaintiff has not explained what attempts, if any, he has made to obtain counsel. Thus, the Court need not reach the second *Pruitt* inquiry at this time. The Plaintiff's request for the appointment of counsel is denied. In the event the Plaintiff renews his request, he must use the Court's Motion to Request Counsel form.

### III

For the foregoing reasons, the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2) is GRANTED, and the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as frivolous. The Plaintiff is granted leave to amend his Complaint within 21 days if he believes he can do so consistent with this Order. The Clerk is directed to mail a copy of this Order to the *pro se* Plaintiff along with a blank Motion to Request Counsel form.

*It is so ordered.*

Entered on June 23, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE